**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JEFFREY DUANE FORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:21-cv-497-TFM-N** |
| | ) | |
| **LOANCARE SERVICING, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 4, 2022, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders.  *See* Doc. 7.  No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Plaintiff filed the complaint on November 16, 2021. *See* Doc. 1. On November 17, 2021, the Magistrate Judge entered an order directing Plaintiff to file the $402 filing fee or file an amended motion to proceed *in forma pauperis*. *See* Doc. 4. Plaintiff filed the amended motion to proceed *in forma pauperis* which the Magistrate Judge denied after determining he has sufficient funds to pay the filing fee and gave him until December 29, 2021 to comply. *See* Docs. 5, 6. Plaintiff was warned that the failure to comply would result in the Report and Recommendation that the action be dismissed without prejudice unless he paid the failing fee within the time period for objections. Doc. 6. at 4. The deadline passed without payment. Therefore, as stated, the Report and Recommendation was issued on January 4, 2022. *See* Doc. 7. It recommended dismissal unless Plaintiff paid the $402 filing fee during the fourteen (14) day objection period. That deadline was January 18, 2022. Out of an abundance of caution, the undersigned waited an additional two weeks prior to addressing the Recommendation in the event Plaintiff still paid the filing fee. However, as of this date, it still has not been paid.

Accordingly, after due and proper consideration of the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

Final judgment will be issued separately.

**DONE** and **ORDERED** this 7th day of February, 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE